Gary W. FINCH, Appellee,

v.

**SCHNEIDER SPECIALIZED CARRIERS, INC. and Travelers Property Casualty, Appellants.**

No. 03–1012.

Supreme Court of Iowa.

July 15, 2005.

that ruling on judicial review in district court. The court of appeals reversed, and we granted further review. We now vacate the decision of the court of appeals, reverse the judgment of the district court, and remand.

## I. *Facts and Prior Proceedings.*

Finch, a truck driver, began hauling cargo for Schneider Specialized Carriers, Inc. in 1992 under a written agreement. He continued to work primarily with Schneider under similar agreements until January 2000, when he suffered a neck injury while attempting to detach a Schneider trailer from his tractor.

Finch filed a workers' compensation claim against Schneider and its insurance carrier, Travelers Property Casualty (collectively Schneider). Schneider did not dispute the events that caused the injury or that Finch suffered an injury that affected his ability to work. The primary issue was whether Finch was an employee or an independent contractor, for workers' compensation purposes.

The deputy workers' compensation commissioner who originally heard the case ruled that Finch was an employee. The deputy made numerous factual findings, which tended to show that Schneider had the right to exercise significant control over the manner in which Finch conducted the details of his work. Based on this control, the deputy concluded Finch was an employee entitled to benefits. Schneider appealed to the industrial commissioner who reversed, concluding the facts established that Finch was an independent contractor—not an employee. Accordingly, the commissioner ruled that Schneider had no workers' compensation liability.

Finch sought judicial review. The district court found that Schneider had failed to prove at least one of the six statutory factors listed in Iowa Code section

John E. Swanson and Aaron T. Oliver of Hansen, McClintock & Riley, Des Moines, for appellants.

Randy V. Hefner of Hefner & Bergkamp, P.C., Adel, for appellee.

PER CURIAM.

Gary Finch was denied workers' compensation benefits by the industrial commissioner on the ground he was not an employee. Finch successfully challenged

85.61(13)(*c* ) (1999) to establish Finch's status as an independent contractor.[1] The statute required Schneider to show that the six statutory factors under that section "are substantially present" in order to establish an independent-contractor status; however, subparagraph (5) is the only factor seriously at issue in this case. That section required Schneider to prove that Finch substantially "determine[d] the details and means of performing the services, in conformance with the regulatory requirements, operating procedures of the carrier, and specifications of the shipper." Iowa Code § 85.61(13)(*c* )(5). The district court concluded that, because Schneider failed to establish this factor, Finch would be considered an employee.

Schneider appealed, and the court of appeals reversed, reinstating the commissioner's decision denying benefits. According to the court of appeals, there was substantial evidence in the record to support the commissioner's factual findings. *See* Iowa Code § 17A.19(10)(*f* ) (2001). The court of appeals, at Finch's urging, remanded the case for the commissioner to explain a possible inconsistency between his ruling in this case and two prior cases

decided by the commissioner. *See* Iowa Code § 17A.19(10)(*h* ).

## II. *Review of the Commissioner's Decision.*

■ A. *Standard of review.* Review of agency action is limited to correction of errors at law. Iowa R.App. P. 6.4; *IBP, Inc. v. Harpole,* 621 N.W.2d 410, 414 (Iowa 2001). In reviewing a district court's decision on judicial review, we apply the standards of Iowa Code chapter 17A to determine whether our conclusions are the same as those of that court. *Grundmeyer v. Weyerhaeuser Co.,* 649 N.W.2d 744, 748 (Iowa 2002).

■ The interpretation of workers' compensation statutes and related case law has not been clearly vested by a provision of law in the discretion of the agency. Accordingly, this court is free to substitute its judgment de novo for the agency's interpretation of law. *See P.D.S.I. v. Peterson,* 685 N.W.2d 627, 633 (Iowa 2004) (citing Iowa Code § 17A.19(10)(*c* ), (11)(*b* )); *see also Mycogen Seeds v. Sands,* 686 N.W.2d 457, 464 (Iowa 2004). However, the agency's factual determinations are clearly vested by a provision of law in the

---

1. The relevant text of the statute reads:

    13. The following persons shall not be deemed *"workers "* or *"employees "*:

    . . . .

    *c.* An owner-operator who ... owns a vehicle licensed and registered as a truck, road tractor, or truck tractor by a governmental agency, is an independent contractor while performing services in the operation of the owner-operator's vehicle if all of the following conditions are substantially present:

    (1) The owner-operator is responsible for the maintenance of the vehicle.

    (2) The owner-operator bears the principal burden of the vehicle's operating costs, including fuel, repairs, supplies, collision insurance, and personal expenses for the operator while on the road.

    (3) The owner-operator is responsible for supplying the necessary personnel to operate the vehicle, and the personnel are considered the owner-operator's employees.

    (4) The owner-operator's compensation is based on factors related to the work performed, including a percentage of any schedule of rates or lawfully published tariff, and not on the basis of the hours or time expended.

    (5) The owner-operator determines the details and means of performing the services, in conformance with regulatory requirements, operating procedures of the carrier, and specifications of the shipper.

    (6) The owner-operator enters into a contract which specifies the relationship to be that of an independent contractor and not that of an employee.

    Iowa Code § 85.61(13)(*c* ).

discretion of the agency. *See* Iowa Code § 85.21; *accord Mycogen Seeds,* 686 N.W.2d at 465; *P.D.S.I.,* 685 N.W.2d at 633. Thus, a court is bound by them if they are supported by "substantial evidence in the record before the court when that record is viewed as a whole." Iowa Code § 17A.19(10)(*f*); *accord P.D.S.I.,* 685 N.W.2d at 633.

Finally, the application of the law to the factual determinations in workers' compensation cases is "vested by a provision of law in the discretion of the agency." [Iowa Code] § 17A.19(10)(*f*); *see also Mycogen,* 686 N.W.2d at 464. We can therefore only reverse the agency's application of the law to the facts if we determine such an application was "irrational, illogical, or wholly unjustifiable." Iowa Code § 17A.19(10)(*m*); *see also Mycogen,* 686 N.W.2d at 464.

*P.D.S.I.,* 685 N.W.2d at 633.

■ *B. Substantial evidence review.* The wording of section 85.61(13)(*c*) suggests that the burden of establishing an independent-contractor status is on the trucking company. Schneider does not appear to challenge that principle, although, of course, the claimant ordinarily has the burden of establishing a prima facie right to receive workers' compensation benefits. The industrial commissioner, after discussing the evidence presented to the deputy, concluded that Finch established a prima facie case that he was an employee. However, the commissioner found that Schneider proved that Finch was an independent contractor within the definition provided in section 85.61(13)(*c*). The commissioner based that finding largely on the basis of the agreement signed by Schneider and Finch entitled "Independent Contractor Operating Agreement" (ICOA).

The commissioner noted:

The ICOA agreement required [Finch] to pay all operating expenses of the tractor, including tolls, ferries, fuel, oil, taxes, traffic and weight fines (unless the trailer was preloaded), maintenance and repairs on the tractor, insurance on the tractor and any of [Finch's] employees, and any wages of drivers furnished by [Finch].

The commissioner concluded:

Schneider proved ... by a preponderance of the evidence that [Finch] was an independent contractor within the definition provided in Iowa Code section 85.61(13)(*c*). Under the evidence presented in this case the only way that [Finch] could be held to be an employee is to totally ignore section 85.61(13)(*c*). The purpose of that statutory provision was to provide objective standards under which an evaluation of employment status could be made.

■ Because the commissioner is charged with weighing the evidence, we liberally and broadly construe the findings to uphold his decision. *Caterpillar Tractor Co. v. Shook,* 313 N.W.2d 503, 505–06 (Iowa 1981). The court of appeals followed this rule and affirmed the commissioner's ruling. We agree with the court of appeals' resolution on this issue.

C. *Consistency with prior agency precedents.* We granted further review primarily to discuss the court of appeals' order for remand based on Iowa Code section 17A.19(10)(*h*). Section 17A.19(10)(*h*) provides that a court

shall reverse, modify, or grant other appropriate relief from agency action ... [if the action]:

*h.* ... is inconsistent with the agency's prior practice or precedents, unless the agency has justified that inconsistency by stating credible reasons sufficient to indicate a fair and rational basis for the inconsistency.

We have not previously construed paragraph (*h*) of section 17A.19(10), which was adopted in 1998. Neither party challenges the constitutionality of this provision, so we proceed to address its applicability to this case. *See Schiavo v. Schiavo,* 404 F.3d 1270, 1273–75 (11th Cir.2005) (Birch, J., specially concurring) (stating statutory provision setting a particular standard of review for the courts violates separation-of-powers doctrine).

■ The reporter-draftsman for the 1998 amendments has written that paragraph (*h*) provides a specific example "of agency action that any reviewing court should overturn as unreasonable, arbitrary, capricious, or an abuse of discretion." Arthur Earl Bonfield, *Amendments to Iowa Administrative Procedure Act, Report on Selected Provisions* 69 (1998). The author suggests that this language does not really change the law,

> but it should result in somewhat more structured, informed, and systematic review by the courts under the unreasonable, arbitrary, capricious, and abuse of discretion standards, and clearer arguments by and instructions to litigants with respect to the arguments that may be made with respect to such matters.

*Id.* We agree paragraph (*h*) does not change the law and was intended to amplify review under the unreasonable, arbitrary, capricious, and abuse-of-discretion standards.

In a case applying the standards of judicial review set out in chapter 17A prior to the 1998 amendments, this court observed that "an agency's failure to conform to its prior decisions[,] or furnish sufficient reasoning from which to distinguish them, may give rise to a reversal under [chapter 17A]." *Anthon–Oto Cmty. Sch. Dist. v. PERB,* 404 N.W.2d 140, 143 (Iowa 1987). In *Anthon–Oto* a PERB decision defining a collective-bargaining unit was challenged as "unreasonable, arbitrary and capricious," and the consistency of the agency's decision with its prior decisions was deemed pertinent to this challenge. *Id.* at 143. It is important to note that the agency's decision was rendered after a public hearing and was not made in the context of a contested case. *Id.* at 142 (citing Iowa Code § 20.13(1)).

■ The nature of the agency action under review in the workers' compensation case before us is fundamentally different. In this contested-case final decision, the commissioner was required to base his factual determinations on substantial evidence and properly apply the pertinent legal principles to those facts in reaching a decision. *See Mycogen Seeds,* 686 N.W.2d at 464; *P.D.S.I.,* 685 N.W.2d at 633. The controlling legal standards are those set out in the workers' compensation statutes and in this court's opinions, not in prior agency decisions. *See P.D.S.I.,* 685 N.W.2d at 633 (noting agency has no special power to interpret case law or statutes and therefore court does not give agency any deference in this respect). Importantly, the commissioner's decision in this case is not reviewed for an abuse of discretion. *See Terwilliger v. Snap–On Tools Corp.,* 529 N.W.2d 267, 273 (Iowa 1995) (stating commissioner's *final* decision is not reviewed under an abuse-of-discretion or unreasonable-arbitrary-and-capricious standard); *cf. Marovec v. PMX Indus.,* 693 N.W.2d 779, 782 (Iowa 2005) (considering whether commissioner abused her discretion in denying intra-agency appeal for failing to file timely brief); *Univ. of Iowa Hosps. & Clinics v. Waters,* 674 N.W.2d 92, 96 (Iowa 2004) (reviewing commissioner's determination of whether issue was adequately raised in pleadings for abuse of discretion). We do not believe that Iowa Code section 17A.19(10)(*h*) establishes an independent requirement that the commis-

sioner identify other agency rulings and explain possible inconsistencies between those rulings and the agency's decision in a case not reviewable under an abuse-of-discretion standard. Therefore, it is not necessary or appropriate to remand this case to the commissioner for an explanation of a possible inconsistency between the commissioner's ruling in this case and prior cases decided by the commissioner.

We vacate the decision of the court of appeals, reverse the judgment of the district court, and remand for dismissal of Finch's petition for judicial review.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED; CASE REMANDED.**

All justices concur except LARSON, J., who concurs in the result.