# IN THE SUPREME COURT OF IOWA

No. 56 / 04-1645

Filed September 1, 2006

**LARRY HOLLAND**,

Appellant,

vs.

**SHAEFFER PEN CORP.** and **LIBERTY MUTUAL INSURANCE COMPANY**,

Appellees.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Des Moines County, William L. Dowell, Judge.

Appeal by claimant in workers' compensation case. **DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED; CASE REMANDED.**

Nicholas G. Pothitakis, Burlington, for appellant.

Jean Dickson Feeney of Betty, Neuman & McMahon, L.L.P., Davenport, for appellees.

**PER CURIAM.**

Larry Holland filed a workers' compensation claim seeking benefits from his employer, Shaeffer Pen Corp., and its workers' compensation insurance carrier, Liberty Mutual Insurance Company. A deputy commissioner denied benefits, and the commissioner affirmed. On judicial review, the district court affirmed as well. *See* Iowa Code § 17A.19 (2003). On the claimant's appeal, the court of appeals reversed and remanded to the workers' compensation commissioner. The employer sought further review, which we granted. We vacate the decision of the court of appeals and affirm the ruling of the district court.

Three issues are raised on further review, all of which are controlled by clear precedent of this court.

### I. *The Court of Appeals Reversal Based on Findings of a Deputy Commissioner.*

The deputy workers' compensation commissioner stated in her arbitration decision that the claimant was not credible. She supported that conclusion in part on her finding that, because the claimant was so immature, he was "likely to reconstruct events in a manner that better serves his perceived self-interests than more objective reviews of events would suggest."

The court of appeals held that this conclusion was unsupported by medical evidence and therefore had "allowed [the deputy's] diagnosis of Holland to bias the rest of her opinion." The employer argues that this was error because on the intra-agency appeal the commissioner expressly declined to give any weight to the comment in question. The commissioner reached the same conclusion, i.e., that the claimant was not credible, but did so on the basis of other evidence. The other evidence included

inconsistent testimony by the claimant himself, testimony by other witnesses, and a lack of support in medical documents.

We have held that, on judicial review, a court is to base its decision on the commissioner's findings because "the deputy industrial commissioner's proposed findings are not in consideration on judicial review." *Myers v. FCA Servs., Inc.*, 592 N.W.2d 354, 358 (Iowa 1999); *see* Iowa Code § 17A.19(1) (aggrieved party may seek review of "final agency action"). A deputy's decision, of course, is not final agency action. We conclude it was error for the court of appeals to reverse the judicial-review decision of the district court on the basis of the proposed findings of the deputy commissioner. As already noted, there was adequate evidence in the record to support the commissioner's conclusion that the claimant lacked credibility.

**II.** *Application of the "Arbitrary, Capricious, and Abuse-of-Discretion" Standard of Review Under Iowa Code Section 17A.19(10)(n).*

On the issue of the claimant's credibility, the court of appeals observed:

> Essentially, once the deputy commissioner decided Holland lacked emotional maturity, his case was over. We therefore conclude that the deputy's characterization of Holland, credibility determinations, and treatment of the evidence were unreasonable, arbitrary, capricious, and an abuse of discretion under section 17A.19(10)(*n*).

Holland's employer argues that the application of an "arbitrary, capricious, or abuse-of-discretion" standard is contrary to recent precedent by this court and thus constitutes legal error.

First, as we have already discussed, it is the decision of the commissioner—not the deputy—that is reviewed by the court. The commissioner specifically disavowed any finding on credibility based on the

comment in question. Second, judicial review of fact-findings is not to be based on abuse-of-discretion or arbitrary-and-capricious standards. Rather, the commissioner is required "to base his factual determination on substantial evidence and properly apply the pertinent legal principles to those facts." *Finch v. Schneider Specialized Carriers, Inc.,* 700 N.W.2d 328, 332 (Iowa 2005).

While it is true that the commissioner has discretion to reject evidence it deems not to be credible, her credibility determination necessarily is based on facts, and as noted, factual determinations are subject to review under a substantial-evidence standard. *Id.* at 331-33; *see also Keystone Nursing Care Ctr. v. Craddock,* 705 N.W.2d 299, 304 (Iowa 2005).

In *Dunlavey v. Economy Fire & Casualty Co.*, 526 N.W.2d 845 (Iowa 1995), we held:

> When an expert's opinion is based upon an incomplete history, the opinion is not necessarily binding upon the commissioner. The commissioner as trier of fact has the duty to determine the credibility of the witnesses and to weigh the evidence, together with the other disclosed facts and circumstances, and then to accept or reject the opinion.
>
> *Our review of such a determination by the commissioner is limited to whether the commissioner's finding is supported by substantial evidence in the record made before the agency when that record is viewed as a whole.*

*Id.* at 853-54 (citations omitted) (emphasis added).

Contrary to the holding of the court of appeals, we conclude the district court did not err in failing to assess the commissioner's credibility determinations on an abuse-of-discretion standard.

### III. *Sufficiency of the Evidence.*

The court of appeals held that the decision of the workers' compensation commissioner was not supported by substantial evidence

because it was based largely on a lack of the claimant's credibility. Because the court of appeals concluded that the commissioner erred in making that determination, it held that the commissioner's decision must fail for lack of substantial evidence. Based on our conclusion that the commissioner did not err in making a credibility determination, we disagree with this assessment.

We vacate the decision of the court of appeals, affirm the decision of the district court, and remand for entry of an order affirming the commissioner's ruling.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED; CASE REMANDED.**

This is not a published opinion.