# IN THE COURT OF APPEALS OF IOWA

No. 13-1359
Filed August 27, 2014

**VALERIE DILLAVOU,**
        Plaintiff-Appellant,

**vs.**

**PLASIC INJECTION MOLDERS, INC.,**
**and UNITED FIRE & CASUALTY,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

        Valerie Dillavou appeals following the Iowa Workers' Compensation Commissioner's denial of her worker's compensation petition and the district court's affirmance of that denial.  **AFFIRMED.**

        Richard R. Schmidt, Des Moines, for appellant.

        Charles A. Blades and Chris J. Scheldrup of Scheldrup, Blades, Schrock, Smith, P.C., Cedar Rapids, for appellees.

        Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**POTTERFIELD, P.J.**

Valerie Dillavou appeals following the Iowa Workers' Compensation Commissioner's denial of her worker's compensation petition and the district court's affirmance of that denial. She asserts the agency's findings of fact are not supported by the evidence, necessitating the remand of her petition back to the commission. We find there is substantial evidence supporting the agency's factual findings, and we therefore affirm.

### I. Factual and Procedural Background

Dillavou works for Plastic Injection Molders, Inc. (PIM), which is co-owned by her husband, Tom, and her brother, Greg Knopf. The relationships between the three are hostile. Tom was convicted of tax fraud in the wake of his use of company funds in a Nigerian investment scam. Tom was further alleged to have embezzled company assets for personal use. Greg assisted the prosecution in the case, and as a result Tom served eight months in a federal prison.

Subsequently, Greg learned that Dillavou asked a friend to find him and break his legs. Tom claimed that Greg later tried to blackmail him regarding his PIM stock. Greg claimed Tom later threatened to stop paying Greg's PIM wages. Dillavou and Tom attempted to have criminal charges brought against Greg for an incident with another relative. Greg stopped coming to work.

On December 1, 2009, Greg went to PIM to pick up a paycheck. Dillavou was there and in a terse conversation directed Greg to the office to find his check. After Greg had retrieved the check, he and Dillavou passed each other in the hallway on his way out of the shop. Greg's shoulder struck Dillavou, and the

force of the bump caused her to fall to the ground, resulting in serious injuries to her knee and shoulder that required ongoing treatment and ultimately surgery.

After the incident, Dillavou told her husband that Greg had intentionally knocked her down. The two of them contacted law enforcement and told the investigating officials that Greg had acted intentionally. Dillavou repeated that assertion to many others, including the county attorney. She insisted on bringing criminal charges based on that assertion. She also brought a civil claim against Greg in intentional tort.

On July 22, 2010, Dillavou filed a petition for worker's compensation. PIM responded by asserting as an affirmative defense that the injury was the result of a "willful act of a third party directed against the employee for reasons personal to such employee." Iowa Code § 85.16(3) (2009). The statute is a complete defense to recovery. After PIM's assertion of the affirmative defense, Dillavou reversed course and adamantly proclaimed that Greg had *un*intentionally knocked her down.

The deputy commissioner found that "there are enough inferences in the record to find that [Greg] intended to knock claimant down." The commissioner denied Dillavou's petition based on PIM's affirmative defense. Dillavou appealed the decision, and the commission affirmed the deputy commissioner's findings after a de novo review. Dillavou applied for judicial review in the district court. The court affirmed the agency's final decision. Dillavou appeals.

## II. Standard and Scope of Review

Our review of agency action is for correction of errors at law. *Finch v. Schneider Specialized Carriers, Inc.*, 700 N.W.2d 328, 330 (Iowa 2005). We

apply the standards of Iowa Code section 17A.19(10) to the agency's decision and compare our conclusion with the conclusion of the district court. *Grundmeyer v. Weyerhaeuser Co.*, 649 N.W.2d 744, 748 (Iowa 2002). "If they are the same, we affirm; otherwise we reverse." *Id.*

### III. Discussion

Our review is not de novo; we are "bound by [the agency's] fact-finding if it is supported by substantial evidence." *Asmus v. Waterloo Cmty. Sch. Dist.*, 722 N.W.2d 653, 657 (Iowa 2006); *see* Iowa Code § 17A.19(10)(f). Evidence is substantial when it is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(a).

Dillavou claims there is not substantial evidence to support the Commission's finding that Greg's act was willful and directed against her for personal reasons under Iowa Code section 85.16(3). She first claims there is not substantial evidence that Greg's act was willful—*i.e.* the evidence compels a factual finding that Greg *accidentally* bumped into her. She alternatively claims there is not substantial evidence that the reason Greg bumped into her was personal in nature—*i.e.* the substantial evidence shows that the incident was work-related.

First, we find that there is substantial evidence that Greg acted willfully when he bumped into Dillavou. The familial acrimony between the parties

pervades the factual circumstances surrounding the incident and gives rise to a strong inference of Greg's motive to intentionally bump into Dillavou.

Second, even though the incident took place at PIM, we agree with the commission the physical contact between Dillavou and Greg was not related to or within the scope of either person's employment. The same facts that give rise to an inference of Greg's intent serve as substantial evidence that the incident was personal in nature.[1] Greg had not come to PIM to work and was not working when he caused Dillavou to fall.

Dillavou asserts there is substantial evidence that the incident was accidental.[2] She also claims there is substantial evidence that the incident was work-related. However, the deputy commissioner found the evidence presented on these two points was not credible or persuasive. Because the deputy commissioner was present to hear the testimony and observe the witnesses, we give deference to that credibility determination. *See Arndt v. City of LeClaire*, 728 N.W.2d 389, 394–95 (Iowa 2007) ("It is the commissioner's duty as the trier of fact to determine the credibility of the witnesses, weigh the evidence, and decide the facts in issue.").

---

[1] Dillavou alleges that the commission and the district court erred by collapsing the analyses of the intent element and the personal nature of the incident into a single analysis. However, the commission, the district court, and this court duly considered each element separately but relied on the same facts to resolve them.

[2] Dillavou notes that Greg did not bump into her the first time they talked that day, that he apologized to her after she fell, and that he has since stated under oath that the incident was accidental. None of these facts is conclusive as to Greg's intent, and we agree with the commission that Greg's testimony is not reliable. Dillavou also notes that Greg was acquitted of the criminal charges that arose from this incident but fails to acknowledge the heightened standard of proof—*i.e.* beyond a reasonable doubt—applicable in a criminal case. The acquittal is neither controlling nor persuasive here.

But even assuming arguendo there is credible evidence that the incident was accidental or work-related, "[t]he fact that two inconsistent conclusions may be drawn from the same evidence does not prevent the agency's findings from being supported by substantial evidence." *Asmus*, 722 N.W.2d at 657. "[T]he question on appeal is not whether the evidence supports a different finding than the finding made by the commissioner, but whether the evidence supports the findings actually made." *Meyer v. IBP, Inc.*, 710 N.W.2d 213, 218 (Iowa 2006). Therefore, it is irrelevant that contrary evidence exists because there is nevertheless substantial evidence that supports the agency's findings of fact. We agree that based on those findings, PIM has satisfied its burden of proof regarding its affirmative defense, and Dillavou is not entitled to relief.

The facts are sufficient to persuade a reasonable person that Greg acted intentionally and for reasons personal to Dillavou. Our conclusion is the same as that of the commission and of the district court. We affirm.

**AFFIRMED.**