## IN THE COURT OF APPEALS OF IOWA

No. 14-0191
Filed December 24, 2014

**RICK ALAN REEFER,**
        Petitioner-Appellant,

**vs.**

**GOLD-EAGLE COOPERATIVE and
COOPERATIVE MUTUAL INSURANCE
COMPANY,**
        Respondents-Appellees.
_____

        Appeal from the Iowa District Court for Winnebago County, James M.

Drew, Judge.


        Rick Reefer appeals from the district court order denying his petition for

judicial review of the Iowa Workers' Compensation Commissioner's ruling.

**AFFIRMED.**


        Mark S. Soldat of Soldat, Parrish-Sams & Gustafson, P.L.C., West Des

Moines, for appellant.

        Jeff M. Margolin of Hopkins & Huebner, P.C., Des Moines, for appellees.


        Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

Rick Reefer appeals from the district court order denying his petition for judicial review of the Iowa Workers' Compensation Commissioner's ruling. He contends the commissioner erred in assessing the evidence before determining his work injury did not cause a permanent disability and he is not entitled to additional medical care or alternate care. Because there is substantial evidence in the record to support the agency's findings, we affirm.

**II. Background Facts and Proceedings.**

On October 4, 2010, Reefer was scooping fertilizer in the performance of his job duties for his employer, Gold-Eagle Cooperative (Gold-Eagle), when he experienced back spasms and pain radiating into his lower extremities. He continued working and finished his shift. The next day, Reefer worked a total of 9.8 hours before leaving early for an appointment with his chiropractor. His chiropractor's office notes from the October 5, 2010 visit state that Reefer's history of low back pain returned that Saturday "for no part[icular] reason" and that the pain "comes and goes."

On October 6, 2010, Reefer had a back spasm at work that caused him to fall to the ground. Gold-Eagle's human resources person referred Reefer to the company's doctors at Trinity Corporate Health Service (Trinity) in Fort Dodge. On October 7, 2010, Reefer saw Dr. Sherman Jew, who directed Reefer to remain off work the rest of that day and restricted him from lifting more than thirty to forty pounds and driving the sprayer more than one to two hours per day. Those restrictions remained until Dr. Jew returned Reefer to full duty "as

tolerated" on January 3, 2011. Dr. Jew also referred Reefer to Dr. Cassim Igram, a board-certified orthopedic surgeon, who diagnosed Reefer as having a back strain. On March 21, 2011, Dr. Igram placed Reefer at maximum medical improvement and released him to work without restriction.

Reefer also sought medical treatment and evaluation on his own. On April 3, 2011, he traveled to the Institute for Low Back and Neck Care in Minnesota and saw Dr. David Strothman, who opined Reefer suffered multilevel lumbar spondylosis, a degenerative disc disease. Then on December 19, 2011, Reefer obtained an independent medical examination from Dr. John Kuhnlein, who opined that "Reefer sustained an acute lumbar strain that has developed into chronic musculoskeletal low back pain" and assigned Reefer an overall impairment rating of ten percent impairment to the whole person.

Gold-Eagle terminated Reefer's employment on April 1, 2011.

Reefer filed a petition with the Iowa Workers' Compensation Commission on April 15, 2011. An arbitration hearing was held in March 2012, and the parties stipulated that Reefer suffered a work-related injury on October 4, 2010. In an April 30, 2012 arbitration decision, the deputy commissioner found this injury was temporary and awarded Reefer temporary partial disability benefits, reimbursement for costs associated with the independent medical examination, and penalty benefits. The commissioner adopted the ruling as the final agency decision.

After seeking judicial review with the district court, which affirmed the agency in all respects, Reefer filed this appeal.

**II. Scope of Review.**

Our review is governed by Iowa Code chapter 17A (2011). *See Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 888 (Iowa 2014). Under chapter 17A, the district court acts in an appellate capacity to correct errors of law. *Id.* In reviewing the district court's decision, we apply the standards of chapter 17A to determine whether we reach the same conclusions as the district court. *Id.* at 889. If we do, we affirm; if not, we reverse. *Id.* In reviewing agency action, the district court may only reverse or modify if the agency's decision is erroneous under one of the provisions set forth in Iowa Code section 17A.19(10) and a party's substantial rights have been prejudiced. *Gits Mfg. v. Frank*, ___ N.W.2d ___, 2014 WL 5286513, at *2 (Iowa 2014).

When addressing the question of whether substantial evidence supports the agency's decision, the district court and appellate court can only grant relief to a party from an agency's decision if the agency's fact determination "is not supported by substantial evidence in the record before the court when that record is reviewed as a whole." *Id.* Iowa Code section 17A.19(10)(f)(1) defines "substantial evidence" as "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." It is not enough that different conclusions may be drawn from the evidence. *Mike Brooks*, 843 N.W.2d at 889. Our job is to determine whether substantial evidence supports the findings actually made. *Id.*

**III. Discussion.**

On appeal, Reefer claims, "The district court erred by misapplying Iowa Code Chapter 17A and supreme court precedent governing the requirements for agency fact findings." Reefer challenges both the manner in which the deputy assessed the evidence and presented the facts, as well the finding Reefer did not suffer a permanent disability as a result of his work injury.

In order to address Reefer's argument, a description of the arbitration decision is necessary. It contains four sections: a statement of the case, a recitation of the issues to be determined, the deputy's findings of fact, the deputy's conclusions of law, and the order. Reefer's argument concerns only the section relating to the deputy's findings of fact. That section contains three subsections. In the first, the deputy summarizes pertinent information regarding Reefer's earnings, the events of October 4, 2010, Reefer's medical history, and the medical evidence relating to Reefer's work injury. In the second, under a subheading labeled "Permanency Findings," the deputy finds the work injury is not a permanent impairment or disability and sets forth the evidence regarding permanency and why it is accepted or rejected. In the third, under a subheading labeled "Temporary Total and Temporary Partial Disability Findings," the deputy makes findings relating to Reefer's compensation and the costs associated with the independent medical examination.

Reefer's argument focuses on the first and second subsections of the findings of fact. He complains the commissioner simply listed and summarized the evidence rather than making findings. *See* Iowa Code § 17A.16 (requiring

that an agency decision contain findings of fact "accompanied by a concise and explicit statement of underlying facts supporting the findings"). The first section of the agency's findings of fact recited the facts, but the second and third sections are fact findings relating to the material facts in dispute and contained the necessary support required by section 17A.16. The accompanying facts and explanation of how the deputy arrived at the finding provide an adequate basis for us to review the agency's decision. *See Brown v. Public Emp't Relations Bd.*, 345 N.W.2d 88, 93 (Iowa 1984) (stating one of the reasons for including the underlying facts is to facilitate judicial review). The law does not require the commissioner to discuss each and every fact in the record and explain why the fact was accepted or rejected. *Terwilliger v. Snap-On Tools Corp.*, 529 N.W.2d 267, 274 (Iowa 1995). We find no error.

Reefer also complains the agency "did not apply the same credibility rules to the medical opinions [of the doctor's] that [were] applied to the presumptively self-serving lay opinions" provided by himself and his sister on the nature of his injury. Because such credibility determinations are necessarily based on facts, we apply the substantial-evidence standard on review. *See Finch v. Schneider Specialized Carriers, Inc.*, 700 N.W.2d 328, 332 (Iowa 2005). The weight and credibility assigned witness testimony is for the agency to determine. *See Schutjer v. Algona Manor Care Ctr.*, 780 N.W.2d 549, 558 (Iowa 2010) ("[W]e give due regard to the commissioner's discretion to accept or reject testimony based on his assessment of witness credibility."); *St. Luke's Hosp. v. Gray*, 604 N.W.2d 646, 652 (Iowa 2000) (stating the weight to be given to expert testimony

is for the finder of fact); *Sherman v. Pella Corp.*, 576 N.W.2d 312, 321 (Iowa 1998) ("The commissioner, as the fact finder, determines the weight to be given to any expert testimony.").

Furthermore, "[m]edical causation is a question of fact vested in the commissioner's discretion." *Mike Brooks*, 843 N.W.2d at 889. It is "within the domain of expert testimony." *Cedar Rapids Cmty Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011). The weight given to an expert's testimony depends on the accuracy of the facts the expert relied upon and other surrounding circumstances. *Id.* Ultimately, the decision to accept or reject an expert's opinion is within the "peculiar province" of the commissioner. *Id.*

The deputy found Reefer's work injury did not cause a permanent impairment or disability, but rather his continued back problems are the result of a degenerative spine condition that existed for many years. In so doing, the deputy weighed the lay witness testimony regarding the worsening of Reefer's injury against the opinions of medical experts regarding causation and gave credence to the medical experts' opinions.

> Making a determination as to whether evidence "trumps" other evidence or whether one piece of evidence is "qualitatively weaker" than another piece of evidence is not an assessment for the district court or the court of appeals to make when it conducts a substantial evidence review of an agency decision. It is the commissioner's duty as the trier of fact to determine the credibility of the witnesses, weigh the evidence, and decide the facts in issue. The reviewing court only determines whether substantial evidence supports a finding "*according to those witnesses whom the [commissioner] believed.*"

*Arndt v. City of Le Claire*, 728 N.W.2d 389, 394-94 (Iowa 2007) (citations omitted).  Despite Reefer's claim to the contrary, we agree substantial evidence supports the agency's finding.  Accordingly, we affirm.

**AFFIRMED.**