# IN THE COURT OF APPEALS OF IOWA

No. 16-0269
Filed November 9, 2016

**POLARIS INDUSTRIES, INC.,**
    Plaintiff-Appellant/Cross-Appellee,

**vs.**

**REGINA REED,**
    Defendant-Appellee/Cross-Appellant.
_____

    Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.


    An employer appeals, and an employee cross-appeals, the district court's judicial review decision. **AFFIRMED.**


    D. Brian Scieszinski of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellant/cross-appellee.

    John T. Hemminger of Law Offices of John T. Hemminger, Des Moines, for appellee/cross-appellant.


    Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Polaris Industries, Inc. appeals, and Regina Reed cross-appeals, the district court's judicial review decision affirming the workers' compensation commissioner's award of benefits to Reed. Polaris claims the district court erred in affirming the agency's industrial disability award to Reed when she has returned to her preinjury job with no reduction in earnings. Polaris also claims the district court erred in affirming the agency's factual determination that Reed was working two to four hours less per day because of her injury.

Reed was injured on August 1, 2010, when a tote box filled with motorcycle fender rails weighing approximately 170 pounds fell thirty-five feet, striking her on the head and back and knocking her to the ground. About a week later, Reed returned to her preinjury job, gradually increasing the time spent at work over the next few weeks until she was able to work full days. The treating doctor did not assign any work restrictions, though she testified at the workers' compensation hearing that she is now in significant and constant pain and has reduced her work day by two to four hours each day.[1] After the arbitration hearing in September 2013, the deputy commissioner awarded Reed ten percent industrial disability. On intra-agency appeal in September 2015, the commissioner increased that award to twenty percent industrial disability.

Polaris sought judicial review with the district court. Reed generally denied the petition and filed an application for judgment pursuant to Iowa Code section 86.42 (2015). Both requests were submitted to the district court on

---

[1] Because Reed is a salaried employee, the work-hour reduction has not had an impact on her earnings as of the time of the workers' compensation hearing.

written briefs, without oral argument. In its ruling on January 11, 2016, the district court affirmed the agency decision and then entered judgment in favor of Reed. However, the wording of the judgment entry did not comport with the agency's ruling. On January 19, Reed filed a motion under Iowa Rule of Civil Procedure 1.904(2) to have the judgment entry amended. Before the court could rule on the motion, Polaris filed a notice of appeal on February 9. Two days later, Reed filed a notice of cross-appeal, seeking to protect the claims she made in her 1.904(2) motion. Polaris filed a response to Reed's 1.904(2) motion on February 19, agreeing a modified judgment entry should be filed. On February 22, 2016, the district court entered an order granting Reed's motion and modifying the judgment entry to mirror the agency's decision.[2]

Our review of the district court's judicial review decision is limited to the correction of errors at law. *Finch v. Schneider Specialized Carriers, Inc.*, 700 N.W.2d 328, 330 (Iowa 2005). We apply the standards under Iowa Code section 17A.19(10) and determine whether our conclusions are the same as the district court. *Id.*

On appeal, Polaris claims the agency's award of twenty percent industrial disability is inconsistent with the agency's prior practice and precedent, in violation of Iowa Code section 17A.19(10)(h). It claims that prior cases, including

---

[2] Reed's only claim in her cross-appeal is that we should consider the district court's order of February 22, amending the January 11 judgment entry, to be part of the record on appeal, despite the fact Polaris filed its notice of appeal before the district court could rule on her 1.904(2) motion. Before the case was transferred to this court, the supreme court issued an order, in which it determined Polaris's notice of appeal was premature and should be treated as an application for interlocutory appeal. It granted the application and ordered that the "appeal shall be considered as including the amended judgment of February 22, 2016." We thus need not address Reed's cross-appeal as the supreme court's order resolved the issue of whether the district court's February 22, 2016 order was part of the record on appeal.

a case from this court, have concluded an award of industrial disability benefits was not supported by substantial evidence where the worker returned to the preinjury position with no permanent restrictions. *See Mid-American Energy v. Wright*, No. 01-0312, 2002 WL 987870, at *2 (Iowa Ct. App. May 15, 2002).

The determination of whether a worker is entitled to industrial disability benefits, and if so, the duration of those benefits, is a fact specific inquiry in each case that is dependent upon the worker's "functional disability, 'age, education, qualifications, experience, and [the worker's] inability, because of the injury, to engage in employment for which [s]he is fitted.'" *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 852 (Iowa 2011) (second alteration in original) (citation omitted). We agree with the district court's decision that the facts of *Wright* and the facts of the other agency cases cited by Polaris are sufficiently distinguishable from the facts of this case, such that an award of twenty percent industrial disability does not violate Iowa Code section 17A.19(10)(h). *See Finch*, 700 N.W.2d at 332–33 (noting, in a workers' compensation contested case, "[t]he controlling legal standards are those set out in the workers' compensation statutes and in [the supreme] court's opinions, not in prior agency decisions" and section 17A.19(10)(h) does not "establish[] an independent requirement that the commissioner identify other agency rulings and explain possible inconsistencies between those rulings and the agency's decision in a case not reviewable under an abuse-of-discretion standard"). While the commissioner did not specifically articulate its reasons for increasing the industrial disability award from ten to twenty percent, we do not find the agency's decision on industrial disability to be

"irrational, illogical, or wholly unjustifiable" or "unreasonable, arbitrary, capricious, or an abuse of discretion." *See* Iowa Code § 17A.19(10)(m), (n).

Polaris also claims there is a lack of substantial evidence under Iowa Code section 17A.19(10)(f) for the agency's determination Reed was working two to four hours less per day. The district court noted, and we agree, substantial evidence for this determination can be found in Reed's testimony and the testimony of her husband at the agency's hearing. Reed testified she worked twelve to fourteen hours per day before the injury, starting her day at 5:00 a.m. and leaving at 5:30 or 6:30 p.m. After the injury, Reed testified she is normally done with her day due to pain by 2:30 or 3:00 p.m. Reed's husband agreed with her estimation of the change in her daily work hours. We therefore agree with the district court substantial evidence supports this factual finding of the agency. *See Pease*, 807 N.W.2d at 845 (noting, when reviewing whether a finding of fact by the agency is supported by substantial evidence, "our task is to determine whether substantial evidence, viewing the record as a whole, supports the findings actually made").

We affirm the district court's January 11, 2016 judicial review decision, as amended on February 22, 2016.

**AFFIRMED.**