Barry LONG, Appellee,

v.

**ROBERTS DAIRY COMPANY, Employer and National Union Fire, Insurance Carrier, Appellants.**

No. 93–1859.

Supreme Court of Iowa.

Feb. 22, 1995.

Stephen W. Spencer and Joseph M. Barron of Peddicord, Wharton, Thune and Spencer, P.C., Des Moines, for appellants.

Dennis L. Hanssen and M. Anne McAtee of Hopkins & Huebner, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.

NEUMAN, Justice.

This is a workers' compensation case involving a claim for alternate medical care under Iowa Code section 85.27 (1993). The claimant, Barry Long, became dissatisfied with the employer's decision to have him evaluated and treated at the University of Iowa Hospitals and Clinics, rather than the Mayo Clinic. The industrial commissioner, following hearing, ruled that the employer's decision was reasonable. Long sought judicial review and the district court reversed. Because we find substantial evidence in the

record to support the industrial commissioner's decision, we reverse.

The facts are largely undisputed. In March 1991, Barry Long sustained injury to his upper extremities during the course of his employment at Roberts Dairy Company. The dairy and its insurer, National Union Fire, admitted liability and assumed responsibility for Long's medical care. Long was seen by the company doctor, Michael Makowski, who referred Long to Douglas S. Reagan, an orthopedic surgeon. Following surgery, Reagan concluded that Long suffered a permanent partial impairment of his upper extremities.

When Long's pain from the injuries persisted, Dr. Reagan suggested three options: (1) do nothing and continue with work activity as tolerated, (2) seek an additional evaluation either at Mayo Clinic or University of Iowa Hospitals, or (3) consider a pain management clinic. The insurance company's adjuster approved Long's referral to Peter C. Amadio, an orthopedic surgeon at the Mayo Clinic. Before Dr. Amadio would examine Long, however, he insisted on new diagnostic testing at a cost in excess of $5000. The insurer refused to authorize this testing. Instead it arranged for Long to see William F. Blair, an orthopedic surgeon at the University of Iowa Hospitals.

Long was dissatisfied with the insurer's decision and filed an application for alternate medical care under Iowa Code section 85.27.[1] He supported his petition with a statement from Dr. Makowski that Mayo was the preferred alternative because it might offer a "fresh approach" to Long's injury. The insurer resisted the application.

Following hearing, the industrial commissioner denied Long's application. The ruling concluded that Long had not met his burden of proving that the medical treatment authorized by Roberts was not reasonably suited for Long's injuries. Long then petitioned for judicial review. The district court reversed, concluding that the commissioner's decision was unreasonable, arbitrary, and capricious. This appeal by the dairy and its insurer followed.

I. Our review is for the correction of errors at law, not de novo. *Henkel Corp. v. Iowa Civil Rights Comm'n,* 471 N.W.2d 806, 809 (Iowa 1991). The commissioner—not the court—weighs the evidence, and we are obliged to broadly and liberally apply those findings to uphold rather than defeat the commissioner's decision. *Ward v. Iowa Dep't of Transp.,* 304 N.W.2d 236, 237 (Iowa 1991). On review, the question is not whether the evidence supports a finding different from the commissioner's but whether the evidence supports the findings the commissioner actually made. *Id.* at 238. In other words, the commissioner's findings are binding on appeal unless a contrary result is compelled as a matter of law. *Id.*

II. The ultimate question is whether, in choosing the University of Iowa Hospitals over the Mayo Clinic, the employer met its obligation under Iowa Code section 85.27 "to furnish reasonable services" for the treatment of Long's injuries. Under the statute, the employer is permitted to choose the care. Iowa Code § 85.27; *Harned v. Farmland Foods, Inc.,* 331 N.W.2d 98, 101 (Iowa 1983). By challenging the employer's choice of treatment—and seeking alternate care—Long has assumed the burden of proving that the authorized care is unreasonable. *See* Iowa R.App.P. 14(f)(5) (burden of proof rests on party seeking relief). Determining what care is reasonable under the statute is a question of fact. 1916 Op.Atty.Gen. 48.

---

1. The fourth unnumbered paragraph of § 85.27 pertinently provides:

   For purposes of this section, the employer is obliged to furnish reasonable services and supplies to treat an injured employee, and has the right to choose the care. The treatment must be offered promptly and be reasonably suited to treat the injury without undue inconvenience to the employee. If the employee has reason to be dissatisfied with the care offered, the employee should communicate the basis of such dissatisfaction to the employer, in writing if requested, following which the employer and the employee may agree to alternate care reasonably suited to treat the injury. If the employer and employee cannot agree on such alternate care, the commissioner may, upon application and reasonable proof of the necessity therefor, allow and order other care.

124

III. The industrial commissioner, having weighed the evidence on the question of reasonableness, found Long's proof lacking. We believe that the record amply supports this conclusion.

Clearly Dr. Reagan's recommendation identified both the University of Iowa and the Mayo Clinic as capable of providing care reasonably suited to meet Long's needs. Long furnished no proof that Dr. Blair's evaluation at the University would be inferior or less extensive than that proposed by Dr. Amadio at the Mayo Clinic. Long's *desire* for treatment at Mayo, rather than the University of Iowa, is not determinative on the point. As noted by the commissioner, the employer's obligation under the statute turns on the question of reasonable necessity, not desirability. *See Harned*, 331 N.W.2d at 101.

Implicit in Long's argument is the suggestion that the insurance carrier, by rejecting Mayo, is seeking to override a medical decision or otherwise dictate Long's medical treatment. Alternatively he seems to argue that a decision motivated solely by economic considerations cannot be upheld. Neither argument finds support in this record.

As already noted, University of Iowa Hospitals—as well as the Mayo Clinic—was proposed as a reasonable treatment alternative from the outset. As for cost considerations, we do not believe the insurer's retreat from its earlier commitment to care at Mayo renders its subsequent judgment unreasonable. Its obligation under the statute is confined to *reasonable* care for the diagnosis and treatment of work-related injuries. Iowa Code § 85.27. As between alternative courses of treatment, both characterized as reasonable, its choice of the least costly does not seem to us a violation of either the letter or the spirit of section 85.27.

In summary we conclude, as did the commissioner, that Long's complaint is premature. If the evaluation and treatment Long receives at the University turns out not to be reasonably suited to treat his injuries, then the insurer's choice may in retrospect be viewed as "penny-wise but pound foolish." The record before us, however, amply supports the commissioner's decision on the question of reasonableness. The district court's contrary decision must be reversed and the case remanded to uphold the commissioner's ruling.

REVERSED AND REMANDED.