# IN THE COURT OF APPEALS OF IOWA

No. 13-1114
Filed April 16, 2014

**PAUL HENDRICKSON,**
        Petitioner-Appellant,

**vs.**

**IHLE TRUCKING, INC. and DAKOTA TRUCK UNDERWRITERS,**
        Respondents-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

An employee appeals from a district court ruling upholding the Iowa Workers' Compensation Commissioner's award limiting the employee's claim to a scheduled member loss. **AFFIRMED.**

Ryan T. Beattie of Beattie Law Firm, P.C., Des Moines, for appellant.

Michael S. Roling of Peddicord, Wharton, Spencer, Hook, Barron & Wegman, L.L.P., West Des Moines, for appellees.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**DOYLE, J.**

Paul Hendrickson appeals from an adverse ruling by the district court on his petition for judicial review of the Iowa Workers' Compensation Commissioner's decision limiting Hendrickson's workers' compensation award to a scheduled member loss to his right hand. We affirm.

### I. Scope of Review.

It must first be noted that our review of final agency action is "severely circumscribed." *Greenwood Manor v. Iowa Dep't of Pub. Health*, 641 N.W.2d 823, 839 (Iowa 2002); *Sellers v. Emp't Appeal Bd.*, 531 N.W.2d 645, 646 (Iowa Ct. App. 1995). Nearly all disputes are won or lost at the agency level; the cardinal rule of administrative law is that judgment calls are within the province of the administrative tribunal, not the courts. *See id.*

In the realm of workers' compensation proceedings, it is the workers' compensation commissioner, not the court, who weighs the evidence and measures the credibility of witnesses. *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011). This includes the "determination of whether to accept or reject an expert opinion," as well as the weight to give the expert testimony. *Id.* "Because these determinations remain within the agency's exclusive domain and the "peculiar province" of the commissioner, we cannot reassess the weight of the evidence. *Id.*; *see also Robbennolt v. Snap-On Tools Corp.*, 555 N.W.2d 229, 234 (Iowa 1996). In fact, "'we are obliged to broadly and liberally apply those findings to uphold rather than defeat the commissioner's decision.'" *Pirelli-Armstrong Tire Co. v. Reynolds*, 562 N.W.2d 433, 436 (Iowa 1997) (quoting *Long v. Roberts Dairy Co.*, 528 N.W.2d 122, 123 (Iowa 1995)).

"We are bound by the commissioner's factual determinations if they are supported by substantial evidence in the record before the court when that record is viewed as a whole." *Mike Brooks, Inc. v. House*, ___ N.W.2d ___, ___, 2014 WL 890152, *4 (Iowa 2014) (citation and internal quotation marks omitted). "Substantial evidence" is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1) (2007). When we conduct a substantial evidence review of an agency decision, it is not for us to make "a determination as to whether evidence 'trumps' other evidence or whether one piece of evidence is 'qualitatively weaker' than another piece of evidence. *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394 (Iowa 2007). "On appeal, our task 'is not to determine whether the evidence supports a different finding; rather, our task is to determine whether substantial evidence . . . supports the findings actually made.'" *House*, ___ N.W.2d at ___, 2014 WL 890152, at *4 (quoting *Pease*, 807 N.W.2d at 845).

## II. *Background Facts and Proceedings*.

Acknowledging the deputy commissioner "wrote an extensive and detailed ruling that includes a thorough review of the evidence," the district court succinctly summarized the pertinent facts and proceedings as follows:

> In December 2007, [Hendrickson] suffered an injury in the course of his employment as an over the road truck driver. He was placing a tarp in a compartment on his vehicle when he slipped and fell. The compartment door fell onto his right hand, causing a laceration, pain, and swelling. He did not seek immediate medical attention because he was out of Iowa. He sought medical attention when he returned to Iowa during the course of which it was

discovered that the laceration had become infected and that his right middle finger was broken. The infection was treated with intravenous antibiotics and the fracture was repaired surgically.

[Hendrickson] has an extensive history of illnesses and maladies both before and after the work injury. His medical history before the accident and the course of his reported symptoms, diagnoses and treatment after the accident are, as noted, chronicled thoroughly in the deputy commissioner's written ruling.

By the time of hearing before the deputy commissioner [in October 2010], [Hendrickson] claimed that the December 2007 work injury caused permanent physical impairment to virtually every part of his body, depression, and seizures/tremors. Thus, the primary fact issue facing the deputy was what of [Hendrickson's] physical and psychological symptoms, conditions, and impairments were caused by the December 2007 work injury. The deputy concluded, as a matter of fact, that the December 2007 incident caused only an injury to [Hendrickson's] right hand, a scheduled injury under the law, and she awarded benefits accordingly. [Hendrickson] challenged the deputy's conclusion by appeal to the commissioner, who affirmed the deputy's ruling.

Hendrickson's petition for judicial review followed. The only issue presented was whether substantial evidence supported the commissioner's conclusion regarding the extent of Hendrickson's conditions causally related to the December 2007 fall.

We cannot improve upon the district court's analysis:

It would be a waste of time and effort for the court to engage in any prolonged discussion of the evidence and of the deputy's fact conclusions [as adopted by the commissioner]. As noted, the deputy's decision is detailed and exhaustive. She thoroughly explained why she reached her fact conclusions, including her assessment of the credibility of [Hendrickson] and of the opinions of numerous physicians. She accurately set forth all of the legal principles involved and properly placed the burden of proof on [Hendrickson]. By the applicable standard of review set forth earlier, her fact conclusions are, without question, fully supported by substantial evidence in the record.

The district court affirmed the decision of the Iowa Workers' Compensation Commissioner. Hendrickson appealed, and his appeal was transferred to this court on February 24, 2014.

### III. Discussion.

We have carefully reviewed the record, the briefs of the parties, and the district court's spot-on and well-reasoned ruling. The district court's ruling identifies and considers all the issues presented. In applying the above standard-of-review precepts, and in giving the due deference we are statutorily obligated to afford the commissioner's findings of fact, we approve of the reasons and conclusions in the district court ruling. Further discussion of the issues would be of no value. *See* Iowa Ct. R. 21.26(1)(b), (d), and (e) (2014). Accordingly, we affirm the district court's decision affirming the Iowa Workers' Compensation Commissioner's decision.

**AFFIRMED.**