**IN THE COURT OF APPEALS OF IOWA**

No. 14-0470
Filed October 1, 2014

**CON-E-CO and TRAVELERS INDEMNITY COMPANY,**
    Plaintiff-Appellants,

**vs.**

**JOHN T. NOWATZKE,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

An employer and its insurer appeal from a district court ruling upholding the Iowa Workers' Compensation Commissioner's award of permanent total disability benefits for an employee's injury. **AFFIRMED.**

Timothy W. Wegman and Joseph M. Barron of Peddicord, Wharton, Spencer, Hook, Barron & Wegman, LLP, West Des Moines, for appellants.

Rick D. Crowl of Stuart Tinley Law Firm LLP, Council Bluffs, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

Con-E-Co (employer) and Travelers Indemnity Company (insurer) appeal from an adverse ruling by the district court on their petition for judicial review of the Iowa Workers' Compensation Commissioner's decision awarding employee John Nowatzke benefits for permanent total disability. We affirm.

### I. Scope of Review.

It must first be noted that our review of final agency action is "severely circumscribed." G*reenwood Manor v. Iowa Dep't of Pub. Health*, 641 N.W.2d 823, 839 (Iowa 2002); *Sellers v. Emp't Appeal Bd.*, 531 N.W.2d 645, 646 (Iowa Ct. App. 1995). Nearly all disputes are won or lost at the agency level; the cardinal rule of administrative law is that judgment calls are within the province of the administrative tribunal, not the courts. *See id.*

In the realm of workers' compensation proceedings, it is the workers' compensation commissioner, not the court, who weighs the evidence and measures the credibility of witnesses. *Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011). This includes the "determination of whether to accept or reject an expert opinion," as well as the weight to give the expert testimony. *Id.* Because these determinations remain within the agency's exclusive domain and the "peculiar province" of the commissioner, we cannot reassess the weight of the evidence. *Id.*; *see also Robbennolt v. Snap-On Tools Corp.*, 555 N.W.2d 229, 234 (Iowa 1996). In fact, "'we are obliged to broadly and liberally apply those findings to uphold rather than defeat the commissioner's decision.'" *Pirelli-Armstrong Tire Co. v. Reynolds*, 562 N.W.2d 433, 436 (Iowa 1997) (quoting *Long v. Roberts Dairy Co.*, 528 N.W.2d 122, 123 (Iowa 1995)).

"We are bound by the commissioner's factual determinations if they are supported by substantial evidence in the record before the court when that record is viewed as a whole." *Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014) (citation and internal quotation marks omitted). "Substantial evidence" is "the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code § 17A.19(10)(f)(1) (2009). When we conduct a substantial evidence review of an agency decision, it is not for us to make "a determination as to whether evidence 'trumps' other evidence or whether one piece of evidence is 'qualitatively weaker' than another piece of evidence." *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394 (Iowa 2007). "On appeal, our task 'is not to determine whether the evidence supports a different finding; rather, our task is to determine whether substantial evidence . . . supports the findings actually made.'" *House*, 843 N.W.2d at 889 (quoting *Pease*, 807 N.W.2d at 845).

## II. Background Facts and Proceedings.

Nowatzke suffered a low back injury in July 2009 while working for Con-E-Co as a welder. His symptoms abated to some extent, and he was told he could return to work by his physician. His pain then worsened, preventing him from carrying out his normal day-to-day work and leisure activities. He filed a petition for workers' compensation benefits.

After an arbitration hearing was held, a deputy workers' compensation commissioner issued an arbitration decision. The deputy concluded that,

although there were conflicting medical records regarding causation, it was more likely and logical that Nowatzke's increased pain in his back and legs was caused by the 2009 work injury. The deputy further concluded Nowatzke was totally and permanently disabled as an odd-lot worker.

The employer and its insurer appealed, and the commissioner affirmed the deputy's arbitration decision. The employer and its insurer then filed a petition for judicial review. In its ruling, the district court set forth the issues on appeal as follows:

> On appeal, Con-E-Co argues that the commissioner's finding that Nowatzke's condition and disability are causally related to the July 2009 work injury is not supported by substantial evidence when viewing the record as a whole. Con-E-Co asserts that Nowatzke's back problems and leg pain stem from a preexisting condition, and that Nowatzke's July 2009 work injuries healed by October of 2009. Con-E-Co asserts that Nowatzke's later back and leg problems are the result of a subsequent injury or manifestation of a degenerative condition. In support, Con-E-Co relies on medical records that provide that Nowatzke did not complain of back problems in late 2009 and early 2010, and was performing activities at that time which he can no longer perform. Con-E-Co also relies on medical opinions relating to Nowatzke's treatment and complaints in asserting that substantial evidence does not support the commissioner's finding. Finally, Con-E-Co asserts that Dr. McGuire's opinion, which provided that a causal connection existed between the work injury and Nowatzke's current condition, was based on incorrect and incomplete information. Con-E-Co argues that substantial evidence does not support the commissioner's causation finding and this finding must be reversed.
>
> Con-E-Co also argues that the commissioner erred in finding that Nowatzke was permanently and totally disabled as an odd-lot worker. Con-E-Co asserts that, based on functional testing and medical opinions, Nowatzke could perform within the "medium" category and his physical limitations would not preclude employment. Con-E-Co argues that the finding that Nowatzke could not walk or stand for extended periods of time was not supported by any medical evidence or opinion. Con-E-Co asserts that Nowatzke's FCE provided that he could stand and walk for extended periods of time, and that he could work in positions in the "medium" category of work. Therefore, Con-E-Co argues that

Nowatzke is not permanently and totally disabled as an odd-lot worker, and the commissioner's finding must be reversed.

Nowatzke argues that substantial evidence supports the commissioner's finding that Nowatzke's work injury caused his condition and disability. Nowatzke points out that the commissioner has discretion to accept or reject expert testimony, and that the commissioner accepted the opinions of Dr. McGuire, Dr. Phillips, and Dr. Sprague in finding that the work injury caused Nowatzke's disability. Nowatzke points out that his own testimony and that of his wife buttress these expert opinions as to causation. Nowatzke argues that the petition for judicial review on this point should be denied.

Nowatzke also argues that substantial evidence supports the commissioner's finding that he is permanently and totally disabled as an odd-lot worker. Nowatzke points out that, by law, the commissioner considered industrial disability, as well as age, education, qualification, experience, motivation, loss of earnings, severity and situs of injury, work restrictions, and inability to engage in work for which he is suited. Nowatzke asserts that the evidence considered under these factors, as well as the evidence considered regarding available work, provide substantial evidence to support the commissioner's finding that Nowatzke is permanently and totally disabled as an odd-lot worker. Therefore, Nowatzke argues that the petition for judicial review on this point should be denied.

The district court concluded, after considering evidence to the contrary, that substantial evidence in the record supported the commissioner's finding regarding causation. Further, the court concluded substantial evidence in the record existed to support the commissioner's finding that Nowatzke was permanently and totally disabled as an odd-lot worker. The court denied the petition for judicial review.

The employer and its insurer now appeal, raising the same issues proffered to the district court.

**III. Discussion.**

We have carefully reviewed the record, the briefs of the parties, and the district court's thorough and well-reasoned ruling. The district court's ruling

identifies and considers all the issues presented. In applying the above standard-of-review precepts, and in giving the due deference we are statutorily obligated to afford the commissioner's findings of fact, we approve of the reasons and conclusions in the district court ruling. Further discussion of the issues would be of no value. *See* Iowa Ct. R. 21.26(1)(b), (d), and (e). Accordingly, we affirm the district court's decision affirming the Iowa Workers' Compensation Commissioner's decision.

**AFFIRMED.**