# IN THE COURT OF APPEALS OF IOWA

No. 14-1133
Filed May 20, 2015

LYNCH LIVESTOCK, INC. and NATIONWIDE
AGRIBUSINESS INSURANCE,
    Plaintiff-Appellees,

vs.

KENNETH BURSELL,
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Richard G. Blane II, Judge.

A worker appeals the district court's judicial review decision that reversed the agency's award of alternate medical care. **DISTRICT COURT DECISION AFFIRMED WITH DIRECTIONS.**

Zachary S. Hindman and Bryan J. Arneson of Bikakis, Mayne, Arneson, Hindman & Hisey, Sioux City, for appellant.

Jeffrey W. Lanz of Huber, Book, Cortese & Lanz, P.L.L.C., West Des Moines, for appelleeS.

Heard by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

Kenneth Bursell appeals the district court's judicial review decision, which reversed the agency's award of alternate medical care to him. He claims the district court erred by making its own findings of fact, by ruling the agency applied the wrong burden of proof, and by failing to remand the case to the agency in the event the wrong burden was applied. We conclude the district court was correct in its conclusion the agency applied the wrong burden of proof in this alternate care proceeding, but it erred by failing to remand this case to the agency to apply the correct standard. We therefore affirm the district court's decision but also remand the case to the district court with directions to remand it to the agency to apply the correct standard.

**I. Background Facts and Proceedings.**

In December 2008, Bursell sustained a sprained left ankle while employed with Lynch Livestock, Inc. The employer accepted the compensability of injury and paid for the care Bursell selected. Bursell underwent two tarsal tunnel decompressions to alleviate the pain, one in January and one in July 2009. When the pain in Bursell's ankle did not resolve, he was referred to John E. Cook, M.D., medical director of Siouxland Surgery Center Pain Clinic. The employer accepted the referral to Dr. Cook and paid for the treatment provided, including injections to control pain. Bursell was diagnosed with complex regional pain syndrome, and Dr. Cook recommended he undergo a laparoscopic lumbar sympathectomy for long-term relief and resolution of his pain, referring him to Dr. Kelly, a vascular surgeon. On February 11, 2010, Dr. Patrick Kelly, M.D., recommended conservative treatment, opining a lumbar sympathectomy would

be a "last ditch effort/option." The employer had Bursell evaluated by other physicians who concluded Bursell does not have complex regional pain syndrome and would not benefit from the sympathectomy. Instead, these physicians recommended conservative treatment including physical therapy and psychiatric referrals.

When the employer did not authorize the sympathectomy, Bursell filed an application for alternate medical care on April 7, 2010. The matter came before the deputy workers' compensation commissioner on April 19, 2010. In granting the alternate care, the deputy commissioner concluded Dr. Cook's opinion recommending the surgery was "reasonable and necessary." The deputy commissioner ordered the employer to "provide and pay for the surgery recommended by Dr. Cook including any referrals he makes and any medication he prescribes to treat [Bursell's] work injury."

The employer filed a petition for judicial review with the district court on June 16, 2010.[1] After holding oral arguments, the district court issued its

---

[1] There was a problem with the recording of the agency hearing, and the employer sought a remand to the agency to recreate the record. That remand was granted by the district court on September 9, 2010. It was not until September 27, 2012, that a joint bill of exceptions was filed in the judicial review proceeding outlining what occurred at the April 2010 alternate medical care proceeding. It then took until March of 2014 for the parties to request a briefing schedule to be set for the judicial review action to move forward. It is unclear why this case languished for nearly four years in the district court.

Counsel for the employer explained at oral argument that things occurred in the intervening time period that are not part of our record. Counsel did explain that the sympathectomy Bursell requested in this case was in fact performed before the case was decided on judicial review. While this would appear to render this appeal moot, as Bursell has already received the medical care he was requesting, counsel asserted the fighting issue that remains is who is responsible for paying for that medical treatment. If the medical care was correctly ordered as part of the alternate medical care decision— i.e., the care offered by the employer was unreasonable—the employer is responsible for the cost. If, however, the medical care was not correctly ordered as part of the alternate medical care decision, the treatment performed would be considered

decision on June 16, 2014, reversing the agency's decision to grant the treatment recommended by Dr. Cook. The district concluded the agency failed to apply the correct legal test to Bursell's alternate care request as the agency failed to decide whether the care authorized by the employer was "unreasonable." The district court found the agency's decision wholly unjustified and reversed the agency's order.

Bursell now appeals the district court's decision on judicial review.[2]

## II. Scope and Standard of Review.

> Iowa Code section 17A.19(10) governs judicial review of agency decision making. We will apply the standards of section 17A.19(10) to determine whether we reach the same results as the district court. "The district court may grant relief if the agency action has prejudiced the substantial rights of the petitioner, and the agency action meets one of the enumerated criteria contained in section 17A.19(10)(a) through (n)."

*Burton v. Hilltop Care Ctr.*, 813 N.W.2d 250, 255–56 (Iowa 2012) (citation omitted).

> Our review of a decision of the workers' compensation commissioner varies depending on the type of error allegedly committed by the commissioner. If the error is one of fact, we must determine if the commissioner's findings are supported by substantial evidence. If the error is one of interpretation of law, we will determine whether the commissioner's interpretation is erroneous and substitute our judgment for that of the commissioner. If, however, the claimed error lies in the commissioner's application of the law to the facts, we will disturb the commissioner's decision if it is "[b]ased upon an irrational,

---

unauthorized treatment, and in order to require the employer to pay for this treatment, Bursell must then prove the treatment was reasonable and beneficial under the case of *Bell Bros. Heating & Air Conditioning v. Gwinn*, 779 N.W.2d 193, 206 (Iowa 2010).

[2] According to counsel at oral argument Bursell's workers' compensation case has already proceeded to a full arbitration proceeding, he was granted benefits by the deputy commissioner, the deputy's decision was appealed to the commissioner, and the agency's final decision is now the subject of a separate judicial review proceeding at the district court. We offer no opinion on the impact pending judicial review proceeding has on the case currently before this court.

illogical, or wholly unjustifiable application of law to fact." Because of the widely varying standards of review, it is "essential for counsel to search for and pinpoint the precise claim of error on appeal."

*Jacobson Transp. Co. v. Harris*, 778 N.W.2d 192, 196 (Iowa 2010) (internal citations omitted). Here, it is alleged the agency erred not in its recitation of the applicable law, but in its application of that law to the facts of this case. Our duty is therefore to determine if the agency's decision is "irrational, illogical, or wholly unjustifiable." *See id.*

## III.  Alternate Medical Care Proceedings.

In Iowa, the employer has the right to select the medical care an injured worker receives as a result of an injury occurring in the course and scope of employment. *See Bell Bros.*, 779 N.W.2d at 202. Iowa Code section 85.27(4) (2009) provides, in part:

> [T]he employer is obliged to furnish reasonable services and supplies to treat an injured employee, and has the right to choose the care. . . . The treatment must be offered promptly and be reasonably suited to treat the injury without undue inconvenience to the employee. If the employee has reason to be dissatisfied with the care offered, the employee should communicate the basis of such dissatisfaction to the employer, in writing if requested, following which the employer and the employee may agree to alternate care reasonably suited to treat the injury. If the employer and employee cannot agree on such alternate care, the commissioner may, upon application and reasonable proofs of the necessity therefor, allow and order other care.

Thus, the right to choose the medical care is qualified because the care must be (1) prompt, (2) reasonably suited to treat the injury, and (3) without undue inconvenience to the employee. *West Side Transp. v. Cordell*, 601 N.W.2d 691, 693 (Iowa 1999). If the employee is dissatisfied with the care the employer has selected, the employee may file an application with the workers' compensation

agency requesting an order for alternate care. *Bell Bros.*, 779 N.W.2d at 204; *see also* Iowa Code § 85.27(4).

The employee requesting the care has the burden to prove the care being offered by the employer is unreasonable. *R.R. Donnelly & Sons v. Barnett*, 670 N.W.2d 190, 196–96 (Iowa 2003). "'Determining what care is reasonable under the statute is a question of fact.'" *Pirelli-Armstrong Tire Co. v. Reynolds*, 562 N.W.2d 433, 436 (Iowa 1997) (quoting *Long v. Roberts Dairy Co.*, 528 N.W.2d 122, 123 (Iowa 1995)). But, if the employee proves the care authorized by the employer has not been effective and that the care is inferior or less extensive than the care requested by the employee, the agency is justified in ordering the alternate care. *Id.* at 437.

Bursell claims on appeal that the district court incorrectly concluded the agency applied the wrong test in the alternate medical care proceeding.[3] We note the agency cited the correct controlling case law with respect to the burden of proof in alternate medical care proceedings.[4]

---

[3] Bursell also claims that the district court incorrectly made findings of fact. Besides pointing to two pages of the district court's decision that follows the heading "Findings of Fact," Bursell does not pinpoint any facts the district court recited that were incorrect or not contained within the agency record. He simply states that the facts are "materially different" from the findings of the agency. However, Bursell also concedes on appeal that this error alone does not warrant reversal of the district court's decision. We therefore decline to address this issue any further.

[4] We also note the agency cited a prior agency review-reopening ruling that provided an employer is "not entitled to interfere with the medical judgment of its own treating physician. *Pote v. Mickow Corp.*, File No. 694639 (Review-Reopening June 17, 1986)." First, as indicated by the citation of the agency, the *Pote* case was not an alternate medical care decision but was an agency decision rendered in a review-reopening case. More importantly, we are not bound by the agency's precedent and offer no opinion on whether this is a correct statement of the law as that issue is not before us on appeal. *Finch v. Schneider Specialized Carriers, Inc.*, 700 N.W.2d 328, 332 (Iowa 2005) ("The controlling legal standards are those set out in the workers' compensation statutes and in this court's opinions, not in prior agency decisions.").

However, in applying that law to the facts of this case, the deputy commissioner stated:

> Dr. Cook is the [Bursell's] authorized treating physician and he has recommended that [Bursell] undergo surgery to treat his work injury. *Dr. Cook's opinion is reasoned and supported by the record.* Dr. Fitzgibbons is not "completely convinced" surgery will help claimant. [Bursell's] right to care is not dependent upon complete agreement of all medical experts. Dr. Fitzgibbons wonders about EMG testing but Dr. Kelly has stated that the best possible diagnostic test is the sympathetic block, which the claimant has undergone.
>
> [The employer] want[s] [Bursell] to undergo conservative care and psychiatric evaluation to determine if [Bursell's] condition is psychiatric in nature rather than physical. To that end they have requested an independent medical evaluation with Eli Chesen, M.D., pursuant to Iowa Code section 85.39. [The employer] [is] not free to interfere with care recommended by [its] own treating physician, in this case, Dr. Cook. Moreover, *the record in this case demonstrates that the care recommended by [its] treating physician is reasonable and necessary.* [Bursell's] request is granted.

(Emphasis added.) Nowhere in the decision did the deputy commissioner conclude that the care being offered by the employer was unreasonable, had not been effective, or was inferior or less extensive. *See id.* at 436-37. Concluding that the care requested by the employee is "reasonable" is not enough. The employee's desire for a different "reasonable" treatment plan does not make the employer-authorized care unreasonable. Contrary to Bursell's assertions on appeal, the agency's finding that the treatment requested is reasonable does not result in an "implicit" finding that the authorized treatment was unreasonable. *See Long*, 528 N.W.2d at 124 (concluding the employee did not satisfy his burden to prove the employer-authorized care was unreasonable where the treating physician recommended several treatment options, the employer selected one of those options but the employee requested care under one of the

other options). "[T]he employer's obligation [to provide medical care] under the statute turns on the question of reasonable necessity, not desirability." *Id.* The employee must prove the care being offered by the employer is unreasonable to treat the work injury, not that another treatment plan is reasonable.

Because the agency applied the incorrect legal standard to the facts of the case, we agree with the district court that the agency's decision is irrational, illogical, and wholly unjustifiable and must be reversed. However, we also conclude that a remand to the agency is necessary.[5]

> It is well established that the application of erroneous legal principles mandates reversal. Remand is also necessitated in order to permit the agency to re-evaluate the evidence, applying the correct rule of law, unless the reviewing court can make the necessary factual findings as a matter of law because the relevant evidence is both uncontradicted and reasonable minds could not draw different inferences from it. The rationale for this principle is that if the reviewing court proceeded to re-evaluate the contradictory evidence, applying what it deemed to be the correct rule of law, it would be usurping the agency's function of making factual findings.

*McSpadden v. Big Ben Coal Co.*, 288 N.W.2d 181, 186–87 (Iowa 1980). Because the facts of this case are contradicted and reasonable minds could draw different inferences, we cannot decide the issue of whether Bursell proved the employer-authorized care was unreasonable as a matter of law. Therefore, the case must be remanded to the agency.

We affirm the district court's judicial review decision, reversing the agency's ruling, and order the district court to remand this case to the district

---

[5] The district court correctly stated the agency's decision must be reversed and remanded, but it failed to order a remand to the agency in its final order. We thus correct this oversight.

court so that it may remand the matter to the agency to apply the correct standard to Bursell's application for alternate medical care.[6]

Costs on appeal are assessed against Bursell.

**DISTRICT COURT DECISION AFFIRMED WITH DIRECTIONS.**

---

[6] Because the case is being remanded to the agency for the application of the correct legal standard, we agree with the district court that we need not address Lynch Livestock's second argument raised on judicial review—whether substantial evidence supported the agency's factual findings.