**ANTHON–OTO COMMUNITY SCHOOL DISTRICT, Appellant,**

v.

**PUBLIC EMPLOYMENT RELATIONS BOARD, Appellee,**

**Anthon-Oto Education Association, Intervenor-Appellee,**

No. 85–1826.

Supreme Court of Iowa.

April 15, 1987.

James C. Hanks and Janet J. Brown of Klass, Whicher & Mishne, Sioux City, for appellant.

Amy J. Mills and Kathryn Nowack, Des Moines, for appellee.

Gerald L. Hammond of Sayre & Gribble, P.C., Des Moines, for intervenor-appellee.

Considered by HARRIS, P.J., and McGIVERIN, WOLLE, LAVORATO, and NEUMAN, JJ.

NEUMAN, Justice.

This appeal by the Anthon-Oto Community School District challenges a district court judicial review decision upholding an employee bargaining unit determination made by the Iowa Public Employment Relations Board (PERB). The controversy centers on a petition filed by intervenor Anthon-Oto Education Association which sought to amend the existing bargaining unit of professional employees to include fourteen nonprofessionals. PERB found that the proposed bargaining unit met the criteria of Iowa Code section 20.13(2) (1983), a decision the school district characterizes as arbitrary and unsupported by substantial evidence. Upon review, the district court upheld PERB's decision. We affirm.

The undisputed facts give us a glimpse of life in a modern-day "one-room schoolhouse" in rural Iowa. The school district is composed of a total of 350 students, grades K–12, all housed in one attendance center in Anthon, Iowa. The superintendent, who hires all employees subject to school board approval, serves as the elementary principal. One other administrator, the high school principal, supervises all high school teachers.

Thirty-five teachers and counselors comprised the professional bargaining unit certified by PERB in 1980. On February 21, 1984, the education association petitioned to add fourteen nonprofessional employees to the bargaining unit, including three custodians, one secretary, three teachers' aides and seven bus drivers. This proposed consolidation of professional and nonprofessional employees was favored by the noncertified employees in an informal survey taken by the education association.

From the outset, the school district has opposed the idea of a combined professional/nonprofessional bargaining unit. It has mounted a dual challenge to the proposal claiming (1) that there is not substantial evidence in the record from which PERB could find that the proposed unit meets the criteria of Iowa Code section 20.13(2), and (2) that prior PERB decisions require similarity in employee job function, training and skills before professional and nonprofessional employees will be combined in a single bargaining unit.

I. We examine the school district's first challenge in light of Iowa Code chapter 20, the Public Employment Relations Act, which authorizes PERB to define the appropriate collective bargaining unit after conducting public hearing on the matter. *See* § 20.13(1). Section 20.13(2) gives PERB the following guidelines by which to fulfill its statutory mandate:

In defining the unit, the board shall take into consideration, along with other relevant factors, the principles of efficient administration of government, the existence of a community of interest among public employees, the history and extent of public employee organization, geographical location, and the recommendation of the parties involved.

Relying largely on the small size of the Anthon-Oto school district, PERB concluded that the "geographical location" and "efficient administration of government" factors were determinative, citing the greater cost-effectiveness in negotiating and administering one collective bargaining agreement for all forty-nine employees in the "wall-to-wall" unit. Moreover, it concluded that the professional and nonprofessional employees shared sufficiently similar conditions of employment to meet the "community of interest" standard, thereby enabling the two groups to engage cooperatively in meaningful and effective collective bargaining.

■ The school district argues that PERB's conclusions are unsupported by substantial evidence made before the agency when the record is viewed as a whole.

Iowa Code § 17A.19(8)(f). We have said that evidence is substantial when a reasonable mind could accept it as adequate to reach a conclusion. *Grant v. Fritz*, 201 N.W.2d 188, 197 (Iowa 1972). Our review of the evidence is at law, not de novo, and we are mindful that the decision made by the agency based on that evidence is entitled to our deference if reasonable and not clearly erroneous. *Iowa Association of School Boards v. PERB*, 400 N.W.2d 571, 575 (Iowa 1987). The possibility of drawing two inconsistent conclusions from the same evidence does not prevent an agency's finding from being supported by substantial evidence. *Reisner v. Bd. of Trustees of Fire Retirement Sys.*, 203 N.W.2d 812, 814 (Iowa 1973).

■ As we said in *City of Davenport v. PERB*, 264 N.W.2d 307, 312 (Iowa 1978), the wisdom of this carefully circumscribed standard of review is demonstrated by the kind of problem involved in the present case. Although the facts are undisputed, each party has gone to great lengths to marshal the evidence supporting its side of the argument. Appellant school district, assailing the conclusion that the professional and nonprofessional staff share a community of interest, stresses the dissimilarities between the groups regarding certification, job duties, method of compensation, hours of employment and fringe benefits. PERB and the education association, on the other hand, use the identical evidence to stress the commonality between the two groups including their common mission of furthering education, common hiring and supervision, similar work years and leave provisions, similarity in insurance benefits for all employees working thirty hours or more per week and the fact that all but the seven bus drivers work in the same building and have daily contact with each other. While conceding that the educational requirements of the two classes is markedly different, appellees correctly argue that factor alone cannot preclude a combined unit for section 20.13(4) specifically contem-

plates such a combination upon agreement of a majority of both groups.[1]

Viewing the record as a whole, we find PERB's decision neither unreasonable nor erroneous. The agency clearly addressed all of the factors detailed in section 20.13(2) giving appropriate weight to those it deemed most relevant under the circumstances. Under the "efficient administration of government" test, it applied its consistently held rule requiring the designation of the fewest number of bargaining units possible consistent with the requirement that employees be permitted to form organizations of their own choosing to represent them in a meaningful and effective manner. *Des Moines Indep. Community School Dist.*, 75 PERB 21, 125–26.; *see also* Shaw & Clark, *Determination of Appropriate Bargaining Units in the Public Sector: Legal and Practical Problems* 51 Or.L.Rev. 152, 152–54 (1971) (Maintaining the fewest possible number of bargaining units enhances the efficient administration of government by assuring that collective bargaining results in "some semblance of uniformity in benefits and working conditions," as well as preventing a "crazy-quilt pattern of representation" which would unduly complicate the process.).

Additionally, PERB found that the unique "one-room schoolhouse" character of the Anthon-Oto district led to a sufficient community of interest among the professional and nonprofessional employees. The central attendance center also satisfied the "geographical location" test. Finally, because there was no prior bargaining history or agreed recommendation of the parties to consider, these statutory factors need not have been addressed.

█ In summary, while a decision establishing a separate bargaining unit for the nonprofessional employees may have found similar evidentiary support in the record, there is certainly substantial evidence supporting the conclusion drawn by the agency, to whose expertise in such matters we defer.

II. As a second ground for reversal, the school district argues that PERB's decision is unreasonable, arbitrary and capricious because it departs from precedent established in other bargaining unit cases, specifically *Mid-Prairie Community School District*, 85 PERB 2395 and *Dickinson County Memorial Hospital*, 85 PERB 2759. Indeed, an agency's failure to conform to its prior decisions or furnish sufficient reasoning from which to distinguish them, may give rise to a reversal under section 17A.19(8). *See generally Woodbine Community School Dist. v. PERB*, 316 N.W.2d 862, 864 (Iowa 1982). For this reason, the district court remanded this case to PERB, ordering it to reconsider its decision and provide "an expanded statement of its reasoning in distinguishing this case or overruling its prior decision, as the case may be." PERB did so, and as the following discussion reveals, clearly distinguished the present case from prior decisions.

At first blush, *Mid-Prairie* bears striking similarity to the controversy surrounding Anthon-Oto. The case represented the first decision by PERB in which an employee organization sought a combined professional/nonprofessional bargaining unit in a school district setting. In *Mid-Prairie*, PERB concluded that a combined bargaining unit was not appropriate because the professional and nonprofessional employees did not share a sufficient community of interest. Specifically, appellants emphasize, PERB held that:

> [A]n appropriate bargaining unit therefore must include employees who not only share similar conditions of employment, but they must also have similar job functions, training and skills. This is particularly important when the issue concerns including nonprofessional employees in a professional bargaining unit.

Appellees charge that the school district relies on too narrow a reading of *Mid-Prairie* and we agree. As in the case before us, PERB weighed all of the factors listed

---

**1.** "Professional and nonprofessional employees shall not be included in the same bargaining unit unless a majority of both agree."

in section 20.13(2), concluding that *Mid-Prairie's* group of fifty-eight nonprofessional personnel was of sufficient size to engage in meaningful collective bargaining independent of the professional employees. Other facts distinguishing *Mid-Prairie* from Anthon-Oto include the greater number of attendance sites (four elementary schools, one junior high and one high school), the larger number of students (1200 compared to Anthon-Oto's 350) and the larger total number of employees (eighty-eight professional and fifty-eight nonprofessional employees compared to Anthon-Oto's thirty-five and fourteen, respectively). As in the case before us, the relative size of the *Mid-Prairie* district became a significant factor affecting PERB's determination of appropriate bargaining units. We consider size to be one of the "other relevant factors" logically considered by PERB in accordance with section 20.13(2). Furthermore, we do not read *Mid-Prairie* to preclude combination of professional and nonprofessional groups. Indeed, PERB recognized in *Mid-Prairie* that such a rule would contravene section 20.13(4) which gives such groups the opportunity to vote on a combined unit.

PERB's decision in *Dickinson Memorial Hospital* is similarly distinguishable from the facts in the case before us. Like Anthon-Oto, the employees all worked at one "attendance center," a hospital. But PERB found the disparity in interest between those employees charged with patient care and those engaged in support services sufficiently great to require two bargaining units for the 140 employees. Although similar to *Mid-Prairie* in the separation of professional and nonprofessional units, we find the facts in *Dickinson Memorial Hospital* sufficiently distinguishable from the case before us to support PERB's decision not to apply its rationale to Anthon-Oto.

It is axiomatic that a statutory scheme which calls for a case-by-case analysis would be rendered meaningless by an application of rigid rules based solely on prior decisions. Rather, we deem such a scheme to require consistency in reasoning and weighing of factors leading to a decision tailored to fit the particular facts of the case. *City of Davenport v. PERB*, 264 N.W.2d 307, 312 (Iowa 1978) (citing *Bayside Enterprises, Inc. v. NLRB*, 429 U.S. 298, 303–304, 97 S.Ct. 576, 580–81, 50 L.Ed.2d 494, 500–01 (1977)). We find that PERB's determination of the appropriate bargaining unit for Anthon-Oto was reached in a manner consistent with the reasoned balancing of factors displayed in its prior, similar cases.

In summary, we conclude that the discretion PERB exercised was neither arbitrary nor capricious. The agency's decision was warranted by substantial evidence in the record and is entitled to our deference.

AFFIRMED.