# IN THE COURT OF APPEALS OF IOWA

No. 22-0043
Filed February 8, 2023

**DEREK KROGMAN,**
        Petitioner-Appellant,

**vs.**

**IOWA PUBLIC EMPLOYMENT RELATIONS BOARD,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Samantha Gronewald, Judge.


        The petitioner appeals the district court decision affirming the ruling of the Iowa Public Employment Relations Board that there was just cause to terminate the petitioner's employment with the State. **AFFIRMED.**


        Charles Gribble and Christopher Stewart of Gribble, Boles, Stewart & Witosky Law, Des Moines, for appellant.

        Diana S. Machir, Des Moines (until withdrawal), and Brenna Bird, Attorney General, and Benjamin J. Flickinger (until withdrawal) and Tessa M. Register, Assistant Attorneys General, for appellee.


        Heard by Vaitheswaran, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Derek Krogman appeals the district court decision affirming the ruling of the Iowa Public Employment Relations Board (PERB) that there was just cause to terminate Krogman's employment with the State. The district court applied the correct standard of review. Giving appropriate deference to PERB's application of the law to the facts, we determine PERB did not act irrationally, illogically, or wholly unjustifiably in finding that the State provided just cause for discharging Krogman. PERB's actions were not inconsistent with its prior practices and precedents. We affirm the decisions of the district court and PERB.

## I.     Background Facts & Proceedings

Krogman was employed as a residential treatment worker for the Iowa Department of Human Services (DHS)[1] at the Woodward Resource Center (WRC) for more than twenty years. He provided care for individuals who needed assistance with hygiene, diet, and behavioral needs. In 2013 and 2014, Krogman received discipline for attendance issues.

An Incident Management Policy for Krogman's employment provided that no abuse of patients would be tolerated. Physical abuse was defined as "[a]ny act that causes or may have caused injury to an individual." The policy also stated, "All persons who provide services to individuals as employees . . . shall treat people with dignity, respect, and concern for safety." An employee in violation of the Incident Management Policy could be subject to discipline or termination.

---

[1] The Iowa Department of Human Services is now known as the Iowa Department of Health and Human Services. All of the factual matters occurred while the department was known as the Iowa Department of Human Services and so we refer to it as DHS.

On October 20, 2018, Krogman was caring for B.O., an eighty-five-year-old woman with an anxiety disorder and severe intellectual disability. She was non-verbal. B.O. had a habit of spitting in her hand and rubbing saliva in her hair. Asking her to stop was not effective, so staff would need to redirect her hands, such as putting her hands in her lap or her pockets. On that day, Krogman slapped B.O.'s hand or wrist twice in response to B.O. spitting in her hand and rubbing saliva in her hair.

At the time of the incident, Ruth Altman, a Treatment Program Manager, was in an office about ten to fifteen feet away from the dining room where Krogman and B.O. were located. Altman did not have a direct view of the dining room but had the door to the office open. Altman stated that she heard the first slap and was going to see what was happening when she heard the second slap.

Altman told Krogman to go into the office. She stated Krogman asked her not to turn him in because he did not want to be fired. An assessment was conducted of B.O. and no discernable physical injury was found.

Brian Strait conducted an investigation. Krogman told Strait it was an honest mistake and he had never abused or neglected anyone. Krogman did not deny slapping B.O. When asked why he slapped her, Krogman stated, "Honestly I don't know, I had a break down or something like that I don't typically do that." Strait determined the allegation of physical abuse was founded under the definition of "abuse" in the Incident Management Policy.

Marsha Edgington, the superintendent for the WRC, determined Krogman should be terminated from his employment. She determined that due to the seriousness of the policy violation and the lack of mitigating circumstances,

progressive discipline was not appropriate. Edgington found Krogman did not maintain appropriate control of himself and mistreated one of the individuals within his care. WRC terminated Krogman on October 26.[2]

On December 6, Krogman appealed the termination of his employment to PERB. *See* Iowa Code § 8A.415 (2018). Following a hearing, an administrative law judge (ALJ) determined the State demonstrated just cause to terminate Krogman's employment.[3] The ALJ noted Krogman intentionally slapped a person in his care. The ALJ determined the State was justified in foregoing progressive discipline given the "severity of the incident at issue coupled with the nature of Krogman's relationship with the individual."

PERB affirmed the ALJ's decision, stating, "Krogman's case is distinguishable from other cases cited by Krogman where progressive discipline was applicable and lesser discipline imposed. Krogman's conduct constitutes a serious offense where progressive discipline is not applicable." PERB concluded "the State established just cause supported its termination of Krogman's employment."

Krogman petitioned for judicial review. At the hearing, Krogman did not dispute that there was substantial evidence in the record to support imposing some

---

[2] Along with the WRC investigation, the incident was investigated by the Iowa Department of Inspections and Appeals (DIA). On January 25, 2019, DIA found the abuse was "confirmed, not registered," meaning DIA confirmed the abuse occurred but found it was "minor, isolated, and unlikely to reoccur," so the caretaker was not placed on the DHS central abuse registry.

[3] A merit system employee who has been discharged may file an action with PERB for an adjudication of whether there was just cause for the employment action. Iowa Code § 8A.415; *Walsh v. Wahlert*, 913 N.W.2d 517, 522 (Iowa 2018). The parties do not dispute that Krogman was a merit system employee.

form of discipline but argued termination of his employment was too severe. He asserted the State should have followed its progressive discipline policy and the decision to terminate him was arbitrary. The State argued, "[I]t was not irrational, illogical, or fully unjustifiable for PERB to determine Mr. Krogman's conduct was egregious and progressive discipline was inapplicable, nor was the decision arbitrary and capricious or an abuse of discretion."

The district court found Krogman was claiming PERB improperly applied the law to the facts and determined PERB's decision should be affirmed unless it was "an irrational, illogical, or wholly unjustifiable application of law to fact that has clearly been vested by a provision of law in the discretion of the agency." The court concluded PERB correctly applied the law to the facts when it considered the totality of the circumstances and found there was just cause to terminate Krogman's employment. The court found PERB's action was not irrational, illogical, or wholly unjustifiable. The court also found PERB had not failed to follow its own rules or precedents. The court denied Krogman's petition for judicial review. Krogman now appeals.

## II.    Standard of Review

Krogman claims the district court applied an incorrect standard of review to whether there was just cause for his termination. The district court engaged in an extensive analysis, noting the proper standard of review depended on the type of error alleged in the petition for judicial review. The court found, "Ultimately, Krogman is arguing the Agency decision should be reversed based on the application of law to the facts, not because the Agency's decision was taken without regard to the law or facts." The court determined PERB had authority to

interpret the just cause standard.[4]    The court concluded it should determine whether PERB's decision was "an irrational, illogical, or wholly unjustifiable application of law to the fact that has clearly been vested by a provision of law in the discretion of the agency," citing *Lakeside Casino v. Blue,* 743 N.W.2d 169, 173 (Iowa 2007).  *See* Iowa Code § 17A.19(10)(m).

Krogman contends the court erred by finding PERB had authority to interpret the just cause standard.[5]   Section 17A.19(10)(c) applies when a party claims an agency action is "[b]ased upon an erroneous interpretation of a provision of law whose interpretation has not clearly been vested by a provision of law in the discretion of the agency."  Krogman asserts that because the legislature did not clearly vest the interpretation of the statute with PERB, the court could substitute its judgment de novo for PERB's interpretation of the just cause standard.  *See Auen v. Alcoholic Beverages Div., Iowa Dep't of Commerce*, 679 N.W.2d 586, 589–90 (Iowa 2004) ("If the legislature has not clearly vested the interpretation of the statute at issue with the agency, we are free to substitute our judgment de novo for the agency's interpretation and determine if the interpretation is erroneous.").

---

[4] The district court's ruling cites *Kuhn v. Pub. Emp't Relations Bd.*, No. 07-0096, 2007 WL 4191987, at *1 (Iowa Ct. App. Nov. 29, 2007), which discusses the just cause standard and states, "Because chapter 8A clearly vests the agency's application of law to fact on this issue within the discretion of the agency, we are obligated to give 'appropriate deference' to the view of the agency on this matter." (citing Iowa Code § 17A.19(11)(c)).

[5] On appeal, Krogman's brief discusses whether PERB had authority to interpret, apply, and administer the provisions of Iowa Code chapter 20.  *See Serv. Emps. Int'l Union, Local 199 v. Iowa Bd. of Regents*, 928 N.W.2d 69, 75 (Iowa 2019). Krogman's appeal, however, does not involve chapter 20 and we do not find a discussion of chapter 20 to be relevant.

Krogman asks to have the case remanded to the district court for a new ruling applying the standard of review found in section 17A.19(10)(c).

To determine the proper standard of review, we must consider the issues raised by Krogman. *See Lakeside Casino*, 743 N.W.2d at 173 ("In determining the proper standard of review, we must first identify the nature of the claimed basis for reversal of the [agency's] decision."). The petition states, "Mr. Krogman seeks review of PERB's decision finding there was just cause to terminate Mr. Krogman and the utilization of progressive discipline was not necessary." The petition seeks relief based on section 17A.19(10)(c), (d), (f), (g), (h), (m), and (n).

Krogman's brief in support of his petition for judicial review asks for relief under section 17A.19(10)(f), (g), (h), (m), and (n). He did not provide any argument in the brief to support reversal of the PERB's decision based on section 17A.19(10)(c) or (d). The brief states:

> Mr. Krogman asserts there are sufficient grounds to overturn his termination as there was not substantial evidence within the record to support such a finding, the finding was based upon an irrational, illogical, and wholly unjustifiable application of law to fact that has clearly been vested by a provision of law in the discretion of the Agency and the actions of the Agency were arbitrary and capricious.

In written argument to the district court, Krogman asserted that just cause had "clearly been vested by a provision of the law" to the discretion of PERB. Additionally, Krogman did not raise the issue of whether PERB had authority to interpret the just cause standard at the hearing before the district court.

"Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court." *Struck v. Mercy Health Servs.-Iowa Corp.*, 973 N.W.2d 533, 539 (Iowa 2022). The district court's

ruling that PERB's application of the just cause standard was clearly vested in the discretion of PERB comports with Krogman's brief to the district court stating, "the finding was based upon an irrational, illogical, and wholly unjustifiable application of law to fact that has clearly been vested by a provision of law in the discretion of the Agency." While Krogman's present argument concerning the standard of review is inconsistent with the argument raised in district court, we decline the State's invitation to find Krogman waived this issue.

We determine the district court properly applied the standard of review found in section 17A.19(10)(m), which applies to a claim that an agency action is "[b]ased upon an irrational, illogical, or wholly unjustifiable application of law to fact that has clearly been vested by a provision of law in the discretion of the agency."

### III.    Just Cause

Krogman disputes PERB's application of the law to the facts. He asserts that the State did not show just cause for the termination of his employment. He also asserts that he should have faced progressive discipline, rather than discharge. Krogman points out that he was discharged for a single incident, had little prior discipline, and had satisfactory evaluations. He contends that he should not have been discharged for a one-time offense of unprofessional conduct.

Section 8A.415 contains a just cause standard. "If the PERB finds the disciplinary action discriminatory or for other reasons 'not constituting just cause,' the employee may be reinstated without loss of pay or benefits for the elapsed period, or the PERB 'may provide other appropriate remedies.'" *Walsh*, 913 N.W.2d at 522 (citing Iowa Code § 8A.415(2)(b)). There is not an "all-

encompassing definition of 'just cause.'"[6]  *Kuhn*, 2007 WL 4191987, at *1.

Furthermore, "application of the just cause standard is fact-specific." *Id.*

Under the just cause standard, an employee may be discharged from employment. Iowa Admin. Code r. 11-60.2(4). Although progressive discipline is possible, an employer need not use progressive discipline. *Id.* r. 11-60.2. ("[A]ny employee is subject to any of the following disciplinary actions when the action is based on a standard of just cause: suspension, reduction of pay within the same pay grade, disciplinary demotion, or discharge.").

PERB's ruling stated:

> In some cases, the underlying offense may be so serious or egregious that progressive discipline is inapplicable. Such is the case here when Krogman's underlying offense is so serious that progressive discipline is inapplicable. Krogman slapped a dependent elderly non-verbal woman not once, but twice. The slaps were of a force that were loud enough to be heard outside of the room where Krogman was present. The woman was entrusted to Krogman's care.
> For the reasons set out in the ALJ's decision, including what we emphasize here, Krogman's case is distinguishable from other cases cited by Krogman where progressive discipline was applicable and lesser discipline imposed. Krogman's conduct constitutes a serious offense where progressive discipline is not applicable. After considering the totality of circumstances, we agree with the ALJ that the State established just cause supported its termination of Krogman's employment.

---

[6] Discipline of merit employees may be based on:

[I]nefficiency, insubordination, less than competent job performance, refusal of a reassignment, failure to perform assigned duties, inadequacy in the performance of assigned duties, dishonesty, improper use of leave, unrehabilitated substance abuse, negligence, conduct which adversely affects the employee's job performance or the agency of employment, conviction of a crime involving moral turpitude, conduct unbecoming a public employee, misconduct, or *any other just cause*.

Iowa Admin. Code r. 11-60.2(8A) (emphasis added).

(Citations omitted).

As noted, "[b]ecause chapter 8A clearly vests the agency's application of law to fact on this issue within the discretion of the agency, we are obligated to give 'appropriate deference' to the view of the agency on this matter." *See Kuhn*, 2007 WL 4191987, at *1 (citing Iowa Code § 17A.19(11)(c)). We reverse the PERB's decision only if it is "[b]ased upon an irrational, illogical, or wholly unjustifiable application of law to fact that has clearly been vested by a provision of law in the discretion of the agency." *Id.* (citing *Lakeside Casino*, 743 N.W.2d at 173); *see also* Iowa Code § 17A.19(10)(m).

The Iowa Supreme Court has stated:

> A decision is "irrational" when it is "not governed by or according to reason." *Webster's Third New Int'l Dictionary* 1195. A decision is "illogical" when it is "contrary to or devoid of logic." *Id.* at 1127. A decision is "unjustifiable" when it has no foundation in fact or reason. *See id.* at 2502 (defining "unjustifiable" as "lacking in . . . justice"); *id.* at 1228 (defining "justice" as "the quality or characteristic of being just, impartial or fair"); *id.* (defining "just" as "conforming to fact and reason").

*AFSCME Iowa Council 61 v. Iowa Pub. Emp.'t Relations Bd.*, 846 N.W.2d 873, 878 (Iowa 2014) (quoting *Sherwin-Williams Co. v. Iowa Dep't of Revenue*, 789 N.W.2d 417, 432 (Iowa 2010)).

Krogman does not claim PERB considered improper factors. He instead argues that PERB should have given more weight to mitigating factors, such as his years of service without incident, and come to a different conclusion. We find PERB weighed all the relevant factors, including the mitigating factors raised by Krogman. Giving appropriate deference to PERB's application of the law to the facts, we determine PERB did not act irrationally, illogically, or wholly unjustifiably

in finding that the State provided just cause for discharging Krogman. *See* Iowa Code § 17A.19(10)(m).

## IV.     Prior Precedent

Krogman contends PERB's decision was inconsistent with its prior practices or precedents. In addition, he states PERB failed to provide any credible reasons for this inconsistency. Krogman compares his situation to other cases and claims that discharge from employment was more severe than the discipline given to other similarly situated employees. Krogman asks to have PERB's decision overturned based on this alleged failure to follow precedent.

Section 17A.19(10)(h) provides for relief from agency action when the action "is inconsistent with the agency's prior practice or precedents, unless the agency has justified that inconsistency by stating credible reasons sufficient to indicate a fair and rational basis for the inconsistency." "[A]n agency's failure to conform to its prior decisions or furnish sufficient reasoning from which to distinguish them, may give rise to a reversal." *Anthon-Oto Cmty. Sch. Dist. v. Pub. Emp.'t Relations Bd.*, 404 N.W.2d 140, 143 (Iowa 1987). However, a strict or rigid application of precedent is not required. *Id.* at 144 ("It is axiomatic that a statutory scheme which calls for a case-by-case analysis would be rendered meaningless by an application of rigid rules based solely on prior decisions. Rather, we deem such a scheme to require consistency in reasoning and weighing of factors leading to a decision tailored to fit the particular facts of the case.").

The ALJ considered cases cited by Krogman and found they were not relevant because they did not involve "the on-duty physical abuse [of a person] within the employee's care."[7]  The ALJ stated the cases were not persuasive.

The ALJ engaged in an extensive analysis of *Cole v. State*, which involved the discharge of a residential treatment worker for an incident involving an adult dependent resident.  No. 102113, 2020 WL 4748176, at *1 (PERB Mar. 3, 2020). The case involved a factual dispute concerning "whether Cole, while seated, raised his foot to block [a patient's] forward progress or intentionally 'kicked' [the patient]." *Id.* at *2.  The ALJ found Cole did not intend to kick the patient and PERB affirmed this finding.  *Id.* at *6.  PERB concluded the employee should be subjected to discipline for failure to utilize proper training techniques and determined the employee should be given a three-day suspension.  *Id.* at 6–7.  The ALJ determined *Cole* was distinguishable because Cole did not intend to have physical contact with a patient, while Krogman intentionally slapped a patient.

PERB agreed with the ALJ's analysis, stating, "For the reasons set out in the ALJ's decision, including what we emphasize here, Krogman's case is distinguishable from other cases cited by Krogman where progressive discipline was applicable and lesser discipline imposed."

---

[7] In *Bundy v. State*, a nurse used her cell phone when she was supposed to be checking the safety of patients.  No. 102124, 2020 WL 5944286, at *1 (PERB Sept. 4, 2020).  PERB determined the employee should be subjected to discipline but termination of employment was disproportionate to the rule violation.  *Id.* at *15.  Also, in *Frost v. State*, an employee sent emails that allegedly violated a written performance expectation.  Nos. 07-MA-01, 07-MA-02, 2008 WL 8833662, at *2 (PERB Aug. 27, 2008).  He received a written reprimand.  *Id.*

We find PERB appropriately considered prior precedent and gave sufficient reasons to distinguish those cases.  *See Anthon-Oto Cmty. Sch. Dist.*, 404 N.W.2d at 143.  As noted, there is no requirement for strict or rigid application of precedent. *Id.* at 144.  We conclude PERB's decision should not be overturned based on inconsistency with the agency's prior practice or precedents.  *See* Iowa Code § 17A.19(10)(h).

We affirm the decision of the district court and PERB.

**AFFIRMED.**